IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KENDRA ROSS, | ) |
| *Plaintiff/Judgment Creditor,* | ) ) ) ) |
| v. | ) Misc. Case No. |
| | ) Related Case in the United States District |
| ROYALL JENKINS, THE VALUE CREATORS, | ) Court for the District of Kansas: |
| INC. f/k/a THE UNITED NATION OF ISLAM, | ) Case No. 2:17-cv-02547-DDC-TJJ |
| INC., THE VALUE CREATORS LLC and | ) |
| THE VALUE CREATORS INC. | ) ) |
| *Defendants/Judgment Debtors.* | ) ) |
| KENDRA ROSS, | ) ) |
| *Plaintiff,* | ) ) ) |
| v. | ) Related Case in the United States District |
| | ) Court for the District of Kansas |
| | ) Case No. 19-cv-02091-DDC-TJJ |
| THE PROMISE KEEPERS, INC., THE | ) |
| PROMISE KEEPERS 417, INC. | ) ) |
| *Defendants.* | ) |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL NON-PARTY IRMA DORSEY TO COMPLY WITH SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

Plaintiff/Judgment Creditor Kendra Ross ("Plaintiff"), by and through undersigned counsel, and pursuant to Federal Rules of Civil Procedure 45 and 69, hereby submits this Memorandum in Support of her Motion to Compel (the "Motion") Non-Party Irma Dorsey ("Dorsey") to comply with Subpoena to Testify at a Deposition in a Civil Action (the "Deposition Subpoena") which was validly issued in relation to a case pending in the United States District Court for the District of Kansas, Case No. 2:17-cv-02547-DDC-TJJ (the "Action"), and a now

1

consolidated related action also pending in the District of Kansas, Case No. 19-cv-02091-DDC-TJJ (the "Related Action").

Dorsey has failed to comply with the Deposition Subpoena by failing to appear at the deposition scheduled for April 3, 2019, failing to assert an adequate excuse, failing to assert objections, and failing to attempt to quash or modify the Deposition Subpoena. Absent the relief requested herein, Plaintiff will be unfairly prejudiced in her attempts to locate assets of Royall Jenkins ("Jenkins"), The Value Creators, Inc. f/k/a The United Nation of Islam, Inc., The Value Creators, LLC, The Value Creators, Inc. (collectively, "Judgment Debtors") and The Promise Keepers, Inc., The Promise Keepers 417 Inc., and The Promise Keepers 417, Inc. (collectively, "The Promise Keepers") and collect on the May 23, 2018 judgment in her favor. Accordingly and as more fully explained below, the Court should grant Plaintiff's Motion.

## STATEMENT OF RELEVANT FACTS

### A. The Judgment

On May 23, 2018, this Court entered a Final Judgment against Judgment Debtors, awarding Plaintiff over $7.9 million based on her claims of forced labor, human trafficking, violations of the Fair Labor Standards Act, violations of various states' minimum wage laws, violations of the RICO Act, conversion, unjust enrichment, and negligent and intentional infliction of emotional distress (the "Judgment"). *See* ECF No. 40. The Judgment remains unsatisfied despite continued collection efforts by Plaintiff, *see, e.g.*, ECF Nos. 53, 60, 70, 78, and despite the solvency of Judgment Debtors recognized by this Court's Order. *See* ECF No. 41.

On February 15, 2019, Plaintiff filed a complaint against The Promise Keepers in a related action in the United States District Court for the District of Kansas, Case No. 19-2091-DDC-TJJ ("Related Action"). In Plaintiff's Complaint against The Promise Keepers, she alleges that The

Promise Keepers are *de facto* successors of Judgment Debtors, and Judgment Debtors have been transferring assets to The Promise Keepers with the intent to hinder, delay, and defraud Plaintiff and her efforts to collect the Judgment. *See* ECF No. 45. On April 11, 2019, Magistrate Judge James issued an order consolidating post-judgment discovery in Case No. 17-2547-DDC-TJJ with pre-trial discovery in Case No. 19-2091-DDC-TJJ. *See* ECF No. 67.

### B. Dorsey

Ms. Dorsey holds a leadership role within the cult. Dorsey is listed as the Registered Agent for The Promise Keepers 417, and the principal address of the corporation is listed as her home address. She has also signed and/or attempted to enter various pleadings in the now consolidated Related Action. *See, e.g.*, ECF Nos. 22, 23, and 25.

### C. The Subpoena

On March 13, 2019, Plaintiff issued the Deposition Subpoena to Dorsey. *See* Deposition Subpoena, attached hereto as Exhibit A. Pursuant to Federal Rule of Civil Procedure 45(a)(4), counsel for Plaintiff filed Notices of Intent to Serve Subpoenas. *See* ECF No. 180. The designated time and place for the deposition was April 3, 2019 at 10:00 a.m. at McGuireWoods, 500 East Pratt St, Suite 1000 Baltimore, MD 21202.

On March 13, 2019, a process server served the Deposition Subpoena on Dorsey by serving it to her husband, George Fox, at Dorsey's residence. *See* Affidavit of Service, attached hereto as Exhibit B. The Deposition Subpoena gave adequate notice to Dorsey of the time and place of the deposition.

On April 2, 2019, counsel for Plaintiff/Judgment Creditor received a letter from Dorsey, dated March 26, 2019 ("March 26th Letter"). *See* March 26th Letter, attached hereto as Exhibit C. The March 26th Letter stated that Ms. Dorsey was unable to appear for the deposition scheduled

3

for April 3, 2019, but that "[a] later time *may* be acceptable if at all needed." *See* Exhibit C at 1 (emphasis in the original). The letter also generally stated that Dorsey did not have any knowledge regarding The Promise Keepers and included the statement: "I object to displaying my private accounts." *See* Exhibit C at 1. Counsel for Plaintiff/Judgment Creditor attempted to contact Dorsey upon receiving the March 26th Letter using two phone numbers obtained through an Accurint report. The two phone numbers were not in service, and Counsel for Plaintiff/Judgment Creditor had no other phone numbers and no e-mail address thorough which to contact Ms. Dorsey. On April 3, 2019, counsel for Plaintiff/Judgment Creditor attended the scheduled deposition. Ms. Dorsey did not appear. The transcript from the April 3, 2019 scheduled deposition is attached as Exhibit D. To date, Dorsey has not otherwise responded to the Deposition Subpoena, she has not requested additional time to comply, she has not served any proper objections, and she has not moved to quash.

## ARGUMENT[1][2]

### I. Standard on Motion to Compel.

Rule 45 of the Federal Rules of Civil Procedure authorizes a party to issue subpoenas to a non-party to compel, *inter alia*, a party to testify at a deposition. *See* Fed. R. Civ. P. 45. Rule 45 provides that "[s]erving a subpoena requires delivering a copy to the named person[.]" *Id.* at (b)(1).

---

[1] Given the United States District Court for the District of Kansas' familiarity with this case, Plaintiff respectfully suggests that it would be appropriate for the Court to transfer the instant Motion to the United States District Court for the District of Kansas as the issuing court pursuant to Fed. R. Civ. P. 5(f). Plaintiff filed a similar motion to compel in the Western District of Missouri, Case No. 4:18-mc-09025-HFS (ECF No. 3), and the Court transferred that motion to compel back to the District of Kansas (ECF No. 5).

[2] Counsel for Plaintiff made reasonable efforts to meet and confer with Ms. Dorsey. As explained above, counsel for Plaintiff attempted to contact Ms. Dorsey with the phone numbers available to her, and those phone numbers were not in service. Counsel for Plaintiff further attempted to contact Mr. Ephraim Woods and Mr. Jenkins, also members of the cult. Counsel for Plaintiff also attended the deposition at the scheduled time and place.

4

If the non-party fails to comply with a subpoena, the serving party may file a motion in the district where compliance is required for an order compelling compliance, and failure to comply with a subpoena may be treated as contempt of court. *See id.* at (g) ("The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it).

Moreover, the right to conduct discovery applies both before and after judgment. *See* Fed. R. Civ. P. 69. Under Rule 69(a)(2), a judgment creditor, "[i]n aid of the judgment or execution . . . may obtain discovery from any person—including the judgment debtor." Fed. R. Civ. P. 69(a)(2). The 1970 Amendment to Rule 69 "assures that, in aid of execution on a judgment, all discovery procedures provided in the rules are available and not just discovery via the taking of a deposition." Fed. R. Civ. P. 69 Advisory Committee's Note.

## II. Plaintiff Has Been Prejudiced By the Non-Parties' Noncompliance with the Subpoenas.

In accordance with the authority set forth above, Dorsey has an obligation to respond to the Deposition Subpoena. Her non-compliance is an affront to this Court. As set forth above, the designated place of compliance for the Deposition Subpoena was McGuireWoods, LLP, 500 East Pratt St, Suite 1000, Baltimore, Maryland 21202. This place of compliance is proper because Judgment Debtors own businesses and properties in Maryland and Virginia. As such, Dorsey transacts business within 100 miles of the place of compliance. Dorsey did not object to the place of compliance. Furthermore, Ms. Dorsey actually received the Subpoena, as evidenced by the March 26th Letter in which she acknowledged the request to "testify on 4/3/2019." *See* Exhibit C.

As a result of Dorsey's disregard of the Subpoena, Plaintiff has been prejudiced in her efforts to recover on the Judgment in the underlying action. In addition, Plaintiff's attempt to collect on her almost $8 million judgment have been hindered by the fact that Judgment Debtors are purposefully transferring assets to The Promise Keepers in order to keep them judgment-proof. Therefore, a sense of urgency exists for Plaintiff to locate any available assets. Plaintiff has a good faith belief that the testimony sought via the Deposition Subpoena to Dorsey is reasonably calculated to lead to the discovery of assets that Plaintiff can use to satisfy her judgment. She is thus entitled to conduct this discovery. *See Laborers' Dist. Council Pension v. STS General Contracting, LLC*, 206 WL 3226027 at *2 (Case No. RBD-14-3005) (D. Md. 2016) (recognizing that post-judgment discovery in aid of execution of judgment may be obtained from any person, including non-party executives of defendant/judgment debtor corporation). Further, Dorsey's disregard of the Subpoena and failure to timely file a motion for protection from the Subpoenas, has caused Judgment Creditor to incur substantial expense – having counsel traveling to Baltimore and coordinating a court reporter and office space for depositions that could not proceed due to Dorsey's contempt. Ultimately, Judgment Creditor has been deprived of deposition testimony that she intended to use to gain sufficient knowledge of Judgment Debtor's assets to advise where and on what to levy execution.

Because Dorsey's failure to comply with the Deposition Subpoena has substantially prejudiced Plaintiff's right to obtain discovery regarding the Judgment Debtors' available assets—including those which have already been fraudulently transferred—the Motion should be granted.

## CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests that this Court grant her Motion and order Irma Dorsey to appear for a deposition in Baltimore Maryland at a mutually-

agreed time and place within 14 days of the Court's entry of the order; grant all other relief allowed under Rule 45(g); and grant any other such relief as the Court deems just and proper.

Dated: May 22, 2019 Respectfully submitted,

By: */s/ Adam T. Simons*
    Adam T. Simons (Fed. Bar #29357)
    McGuireWoods LLP
    500 East Pratt Street, Suite 1000
    Baltimore, MD 21202-1671
    (410) 659-4417
    (410) 659-4484
    asimons@mcguirewoods.com

*Attorney for Plaintiffs*

# CERTIFICATE OF SERVICE

I certify that on this 22nd day of May, 2019, I sent a true copy of this filing to the defendants at the addresses listed below via first class mail, postage pre-paid:

Royall Jenkins
2111 North 10th Street
Kansas City, Kansas 66104-9998

The Value Creators Inc.
Attn: Griegory Moten, Registered Agent
1121 Quindaro
Kansas City, Kansas 66104

The Value Creators LLC
Attn: Griegory Moten, Registered Agent
1121 Quindaro
Kansas City, Kansas 66104

The Value Creators, Inc. f/k/a The United Nation of Islam, Inc.
Attn: Griegory Moten, Registered Agent
1121 Quindaro
Kansas City, Kansas 66104

The Value Creators Inc.
120 SW 10th Ave.
Kansas Secretary of State
Topeka, KS 66612

The Value Creators LLC
120 SW 10th Ave.
Kansas Secretary of State
Topeka, KS 66612

The Value Creators, Inc. f/k/a The United Nation of Islam, Inc.
120 SW 10th Ave.
Kansas Secretary of State
Topeka, KS 66612

The Promise Keepers, Inc.
1121 Quindaro Blvd.
Kansas City, Kansas 66104

The Promise Keepers, Inc.
Attn: Ephraim Woods
2111 N. 10th Street
Kansas City, Kansas 66104

The Promise Keepers 417 Inc.
Attn: Irma Dorsey
3428 Ravenwood Ave.
Baltimore, MD 21213


Dated: May 22, 2019

                                                */s/ Adam T. Simons*
                                                Adam T. Simons